1 | Ben M. Davidson (State Bar No. 181464)
DAVIDSON LAW GROUP, A LAW CORPORATION
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 473-2300
Facsimile: (310) 473-2941
Email: *bdavidson@davidson-lawfirm.com*

David Pourati, Esq. (SBN 259245)
LAW OFFICE OF DAVID POURATI, APC
12400 Wilshire Boulevard, Suite 920
Los Angeles, California 90025
Tel: (310) 494-7900 Ext. 160
Fax: (310) 494-7901
Email: *David@Pourati.com*

Attorneys for Plaintiff JCR Fabrics, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JCR Fabrics, LLC,<br><br>              Plaintiff,<br><br>  vs.<br><br>FOREVER 21 Retail, Inc., a Corporation; BNA Textiles, Inc., a business entity of unknown form; and DOES 1 through 10,<br><br>              Defendants. | Case No. 2:15-cv-06923<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>  **1. COPYRIGHT INFRINGEMENT; AND**<br><br>  **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JCR Fabrics, LLC ("Plaintiff" or "JCR"), by and through its undersigned attorneys, hereby prays for relief and remedy based on the following:

## INTRODUCTION

1. JCR is a Los Angeles-based fabric manufacturer. As part of its business, JCR creates, or purchases the exclusive rights to, two-dimensional works of art. JCR utilizes these works of art as fabric patterns/designs, and has the exclusive right to sell fabric with its designs to its customers. No other party is authorized to make sales of product bearing JCR's proprietary designs without express permission from JCR. This action is brought to recover damages for the unauthorized and blatant reproduction of one of JCR's exclusive designs by the Defendants Forever 21 Retail, Inc. ("Forever 21") and BNA Textiles, Inc. ("BNA Textiles), through a nearly-exact replica.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b).

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. The claims asserted in this case arose in this judicial district and all defendants have done business in this judicial district, including through sales of infringing garments.

## PARTIES

6. JCR is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles, California.

7. JCR is informed and believes and thereon alleges that Defendant Forever 21 is a corporation organized and existing under the laws of the State of California,

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  and doing business in the State of California, with its principal place of business at
2  3880 North Mission Road, Room 3030, Los Angeles, California 90031.

3      8.    JCR is informed and believes and thereon alleges that Defendant BNA
4  Textiles, Inc. ("BNA Textiles") is a business entity of form unknown organization and
5  existing under the laws of the State of California, and doing business in the state of
6  California, with its principal place of business at 1143 S Boyle Avenue, Los Angeles,
7  California 90023.

8      9.    JCR is informed and believes and thereon alleges that Defendants DOES 1
9  through 3, inclusive, are other parties not yet identified who have distributed infringing
10 fabric or garments or have otherwise infringed or contributed to infringement of JCR's
11 copyright. The true names, whether corporate, individual or otherwise of Defendants
12 DOES 1-3, inclusive, are presently unknown to JCR, which therefore sues said
13 Defendants by such fictitious names and will seek leave to amend this complaint to
14 show their true names and capacities when same have been ascertained.

## THE COPYRIGHTED DESIGN

16     10.    JCR is the owner by transfer agreement of the copyright in the original
17 print design it has internally designated "Kiara" ("the Design"), which has been
18 registered with the United States Copyright Office. The Design was created by Italian
19 design studio Ante Prima Disegni, S.R.l. A true and correct copy of the Design is
20 attached hereto as Exhibit 1.

21     11.    A true and correct copy of the Copyright Registration for this work,
22 which was issued on September 10, 2012, which has the registration code VA1-853-
23 813, is attached hereto as Exhibit 2.

24     12.    Before the acts complained of, JCR had widely disseminated fabric
25 bearing the Design to parties in the fashion and apparel industries, including to at least
26 one garment manufacturer that, on information and belief, provides garments to
27 Forever 21. On information and belief, Forever 21 and BNA Textiles both had access
28 to the Design.

## DEFENDANTS' INFRINGEMENT

13. Subsequent to registration of the Design, JCR's investigation into the unlawful use of its proprietary designs revealed that Forever 21 was distributing and illegally selling for profit, a garment which infringed the Design, and that the clothing was being sold at retail in Los Angeles and, on information and belief, throughout the country, both online and in retail stores. A true and correct copy of a photograph of the infringing garment is attached hereto as Exhibit 3.

14. A side-by-side comparison between JCR's Design on the left and the infringing garments on the right shows that Forever 21 has been selling garments using a print design that is strikingly similar to JCR's Design, which has been copied:




15. JCR's investigation further revealed that the garments referenced herein were supplied to Forever 21 for distribution and sale by BNA Textiles, a clothing wholesaler and importer. The investigation revealed that BNA Textiles had manufactured these garments overseas in Korea and illegally imported them into the

1  United States. These transactions were not authorized by JCR, and violated JCR's
2  copyright in the Design.

3      16.    Forever 21 operates approximately 500 retail stores nationwide as well as
4  an online retail store at www.forever21.com. On information and belief, Forever 21
5  has a practice of selling garments that are based on designs sold by others without
6  taking reasonable precautions to ensure that these designs are not infringing. In a
7  September 12, 2012 interview by CNN, Forever 21's Founder and CEO, Do Won
8  Chang explained the company's policy regarding copyright infringement when asked
9  to comment on frequent accusations that the company has stolen the designs of others:

> But I will tell you how difficult this work is. There is no way of knowing which designs have been registered. We design our own clothes and start selling them. And then, one day, someone calls it a copyright infringement. But we've designed the clothes ourselves. I think it's a problem that we have no way of finding out which designs have been registered.
>
> We don't do it intentionally. We design the clothes on our own, and others on their own. But, because they register it first, they voice their complaints. But, like I said, you can't know what's registered and what's not. If there's a way to find out, why would we do something that would cause such trouble?

23      17.    Despite Forever 21's claim that it does not infringe intentionally, on
24  information and belief, it acted with at least reckless disregard of JCR's rights,
25  including by failing to take adequate precautions before it began selling these
26  garments to ensure that the supplier of these garments had obtained the right to use the
27  print designs they used from the rightful owner of the designs.

4

**COMPLAINT AND DEMAND FOR JURY TRIAL**

18. On April 16, 2015, upon learning of the infringement, JCR sent Forever 21 a cease and desist letter through its counsel and objected to their infringement of JCR's Design. A true and correct copy of a letter from JCR's counsel to Forever 21 is attached hereto as Exhibit 4.

19. On information and belief, after receiving notice of infringement, Forever 21 continued to sell the infringing garments throughout its retail stores and online store.

20. On, April 29, 2015, JCR sent BNA Textiles a cease and desist letter through its counsel and objected to their infringement of the JCR Design. A true and correct copy of a letter from JCR's counsel to BNA Textiles is attached hereto as Exhibit 5.

21. In response, BNA Textiles and Forever 21 claimed that BNA Textiles is the actual owner of "the BNA print design" appearing on the Forever 21 garments, and that it obtained the rights to this design from the purported real designer of the work. In particular, on April 21, 2015, Forever 21's counsel sent an email stating that, in response to the cease and desist letter, Forever 21 had performed "due diligence" by corresponding with the "vendor who had supplied [Forever 21] with the item at issue" (BNA Textiles) and allegedly determined that Forever 21's nearly-identical design was supposedly independently created and not copied by anyone with access to the JCR Design:

> "[Our] supplier has provided us with evidence that traces the source/origin of its design to a fabric supplier that acquired its print from a source independent of your client and on a date prior to the date of publication indicated by your client's copyright registration. This would negate the element of access and provide also a complete defense of independent creation.
>
> As you know, your client needs to prove access in order to establish copyright infringement."

22. Similarly, in response to JCR's cease and desist letter, BNA Textiles' counsel wrote to JCR's counsel, providing documents by which BNA Textiles claims

5
**COMPLAINT AND DEMAND FOR JURY TRIAL**

that the BNA print design was actually created by A-Sung Design ("A-Sung"). A true and correct copy of BNA Textiles' June 11, 2015 letter is attached hereto as Exhibit 6. BNA therefore purported to register its ownership of the BNA print design thirty two months after JCR had already registered the JCR Design from which it was copied.

23.  BNA Textiles asserted that the BNA print design was first published on February 14, 2012 by A-Sung Design, and that Hee-Woon Kim created this print design for A-Sung Design. BNA Textiles further asserted that that the ownership of the BNA print design was assigned by A-Sung to JC Trading Co., Ltd. on February 29, 2012, and that JC Trading Co., Ltd. assigned these rights to BNA Textiles on June 6, 2014.

24.  On information and belief, BNA Textiles and Forever 21 had no reasonable basis for asserting that A-Sung Design or Hee-Woon Kim were the author of the Design. On information and belief, BNA Textiles and Forever 21 knew that they were acting unreasonably by relying on documentation they obtained from suppliers of the infringing garments to support a defense of "independent creation" for BNA Textiles and Forever 21. On information and belief, this documentation was procured by BNA Textiles to conform to Forever 21's favored defense when faced with accusations of copyright infringement ("We don't do it intentionally. We design the clothes on our own, and others on their own. But, because they register it first, they voice their complaints.") On information and belief, Forever 21 and BNA Textiles knew or should have known that the documentation they procured from JC Trading at most only showed that A-Sung Design had created the BNA print design as a derivative work by using different colors, not that A-Sung Design had the right or a license to create the derivative work based on the JCR Design.

25.  On information and belief, both BNA Textiles and Forever 21 knew when BNA Textiles filed its copyright application for the BNA print design that A-Sung Design and BNA Textiles had no rights to the Design or to a derivative work based on it, and that they could not reasonably rely on any document provided by A-Sung Design to continue their infringement.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

26. JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

27. The garments sold by Forever 21 and by BNA Textiles (collectively "Defendants") are unauthorized and substantially similar to the Design owned by JCR. In fact, these infringing garments are nearly identical copies of the Design and, on information and belief, Forever 21 and BNA Textiles both have known at all times that they were infringing and being sold without authorization from the copyright owner when they sold the garments.

28. On information and belief, Forever 21 and BNA Textiles continued to make sales of the infringing garments after receiving the cease and desist letters sent to them.

29. JCR is informed and believes and thereon alleges that Defendants, and each of them, infringed JCR's copyright by creating, making and/or developing directly infringing and/or making a derivative work from the Design and by producing, distributing and/or selling infringing garments through a nationwide network of retail stores and through at least on-line websites of Forever 21.

30. Due to Defendants' acts of infringement, JCR has suffered substantial damages to its business in an amount to be established at trial.

31. Due to Defendants' acts of infringement, JCR has suffered general and special damages in an amount to be established at trial.

32. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, JCR is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

33.     JCR is informed and believes and thereon alleges that Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendants' willful and intentional misappropriation and/or infringement of JCR's copyrighted Subject Designs renders Defendants, and each of them, liable for enhanced and statutory damages as described herein.  Within the time permitted by law, JCR will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIE

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

34.     JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

35.     JCR is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Design as alleged hereinabove.

36.     JCR is informed and believes and thereon alleges that Defendants, and each of them, are vicariously and contributorily liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  On information and belief, BNA Textiles and Forever 21 knew that the print design they were using was not obtained from a company with the rights to the design and nevertheless agreed to cooperate in distributing the design on garments sold throughout the United States. In addition, on information and belief, Forever 21 had the right to return infringing garments to BNA Textiles but it agreed with BNA Textiles, even after receiving written

notice of its infringement, that Forever 21 would continue to sell the infringing garments rather than return them to BNA Textiles so long as it was indemnified and defended against a lawsuit based on documentation procured by BNA Textiles claiming that BNA Textiles had obtained the rights to the print design in these garments.

37. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, JCR has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

38. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, JCR is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Designs, in an amount to be established at trial.

39. JCR is informed and believes and thereon alleges that Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of JCR's copyrighted Subject Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, JCR will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JCR prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and servants be enjoined from selling product, or otherwise engaging in acts, infringing Plaintiff's copyrights in the Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*, under the Court's inherent power, 28 U.S.C. § 1927, and any other basis deemed appropriate by the Court;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: September 2, 2015　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: /s/ Ben M. Davidson
　　　　　　　　　　　　　　　　　　Ben M. Davidson
　　　　　　　　　　　　　　　　　　DAVIDSON LAW GROUP
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff JCR FABRIC

10
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on any issue that is triable by right to a jury under the U.S. Constitution.

Dated:  September 2, 2015          Respectfully submitted,

                                                         /s/ Ben M. Davidson
                                                Ben M. Davidson
                                                DAVIDSON LAW GROUP

                                                Attorneys for Plaintiff JCR FABRICS

**COMPLAINT AND DEMAND FOR JURY TRIAL**